CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2010-2096　　　　　　　　　　DIVISION " M-13 "

BRIAN MURPH

VERSUS

SUPERVALU INC. D/B/A SAV A LOT AND
OLD REPUBLIC INSURANCE COMPANY

FILED
MAR - 2 2010
DEPUTY CLERK
CIVIL DISTRICT COURT

FILED:_____ CLERK:_____

---

### PETITION FOR DAMAGES

The petition of **BRIAN MURPH**, a person of the full age, domiciled in the Parish of Orleans, State of Louisiana, with respect represents that:

I.

Made defendants herein are:

A. **SUPERVALU INC. D/B/A SAV A LOT**, a foreign corporation authorized to do and doing business in the Parish of Orleans, State of Louisiana.

B. **OLD REPUBLIC INSURANCE COMPANY**, a foreign insurance company authorized to do and actually doing business in the Parish of Orleans, State of Louisiana;

II.

Said defendants are liable, jointly and in solido, unto your petitioner herein for such damages as are reasonable in the premises together with legal interest from date of judicial demand and all costs of these proceedings, for the following reasons, to-wit:

III.

That on or about, *March 10, 2009*, your petitioner, **BRIAN MURPH**, was a guest and patron at SAV A LOT located at 1849 Almonaster Boulevard, New Orleans, Louisiana 70117, in the Parish of Orleans, State of Louisiana. While in the defendant's establishment, petitioner was traversing the area near its entrance when suddenly and without warning he slipped on a foreign substance and violently fell to the floor resulting in severe and permanent injuries which will be set forth at length herein. The foreign substance was observed to be grapes that were scattered


DEFENDANT'S EXHIBIT A

about the area that had formed a juice like substance on the floor and had visible footprints and dirt tracked through it because of the length of time it had been present.

IV.

The petitioner respectfully avers that the defendant, **SUPERVALU INC. D/B/A SAV A LOT**, is liable under the doctrine of res ipsa loquitur by owning and/or maintaining a defective and unreasonably dangerous condition in their care, custody and control. All of which were the proximate cause of the petitioner's injuries.

V.

Further petitioner avers that the accident was caused exclusively through either the negligence of the defendant, **SUPERVALU INC. D/B/A SAV A LOT**, its agents and/or employees, in accordance with the following non-exclusive list of particulars, to wit:

A. Failing to have proper and safe clean-up procedure of establishments floor despite the knowledge that the foreign substance was on the floor and/or should have known that by not having proper and safe clean-up procedures that a foreign substance of that nature would occur and cause this injury.

B. Failing to post warning signs;

C. Inadequate and unreasonable clean-up procedures;

D. Failing to keep the floor clean;

E. Failing to provide safe passageway;

F. By failing to properly maintain the floors in a safe condition;

G. Failing to inspect the floor and failing to warn customers that there was a foreign substance on the floor;

H. Failure to warn customer of a dangerous condition on the floor.

I. Any acts of negligence, which will be provided at the trial of this matter.

VI.

At the time of the accident, the defendant was insured by a policy of liability insurance issued by **OLD REPUBLIC INSURANCE COMPANY**. Said policy was in full force and effect and covers the actions herein complained of on behalf of **SUPERVALU INC. D/B/A SAV A LOT**.

VII.

As a result of the accident, your petitioner, **BRIAN MURPH**, sustained personal injuries including but not limited to his neck and back.

VIII.

Petitioner, **BRIAN MURPH**, is entitled to reasonable damages for the following:

A) Past, Present, and Future Medical Expenses;

B) Past, Present and Future Physical Pain and Suffering;

C) Past, Present, and Future Mental Anguish;

D) Past, Present and Future Emotional Distress;

E) Permanent Disability and Loss of Function;

F) Loss of Enjoyment of Life;

G) Past, Present, and Future Loss of Wages and Diminished Economic Horizons;

H) All medical, hospital, doctors, injuries, pharmaceutical and prosthetic bills;

I) Any other general or specific damages to which petitioner is entitled under the laws of Louisiana.

IX.

Your petitioner avers amicable demand to no avail.

WHEREFORE, petitioner prays that the defendants be cited to appear herein and answer, and after all due proceedings had there be judgment in favor of your petitioner, **BRIAN MURPH**, and against the defendants, **SUPERVALU INC. D/B/A SAV A LOT and OLD REPUBLIC INSURANCE COMPANY** for such sums as are reasonable in the premises, together with all costs of these proceedings, and interest from date of judicial demand.

Further, for all other general and equitable relief.

Respectfully submitted:

**JOHN J. FINCKBEINER, JR.** (Bar No. 18211)
327 Exchange Place
New Orleans, LA 70130
(504) 569-0277

*PLEASE SERVE:*
SUPERVALU INC. D/B/A SAV A LOT
Through their agent of service:
CT CORPORATION SYSTEM
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

OLD REPUBLIC INSURANCE COMPANY
Through the LOUISIANA SECRETARY OF STATE
8585 Archives Avenue
Baton Rouge, LA 70809

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.