EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN MURPH | CIVIL ACTION |
| VERSUS | NO: 10-1108 |
| SUPERVALU, INC., ET AL. | SECTION: "A" (2) |

**ORDER**

Before the Court is a **Motion to Remand (Rec. Doc. 13)** filed by plaintiff Brian Murph. Defendants Supervalu, Inc. and Republic Insurance Co. oppose the motion. The motion, set for hearing on December 8, 2010, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED and this case is REMANDED to state court for lack of subject matter jurisdiction.

I.  **BACKGROUND**

Plaintiff Brian Murph initiated this suit in state court against Supervalu, Inc. d/b/a Sav A Lot and Old Republic Insurance Co. Murph alleges that on March 10, 2009, he was injured at a Sav A Lot store located in New Orleans. (Pet. ¶ III). Murph contends that he slipped on some grapes and fell to the floor. (Id.). Murph alleges the litany of damages that routinely appear in complaints of this nature, (Pet. VIII), and the only specifics alleged with respect to his injuries are "personal injuries including but not limited to his neck and

1

back." (Pet. ¶ VII).

On April 1, 2010, Defendants sent a request for admission of fact to Murph asking him to admit that the amount in controversy does **not** meet or exceed $75,000. (Rec. Doc. 1-6). Counsel for plaintiff responded as follows: "**Admit**. However, plaintiff's medical treatment is ongoing and may exceed said amount in the foreseeable future. Therefore, plaintiff reserves his right to amend his answer." (Rec. Doc. 1-7) (emphasis added).

Defendants removed the case alleging diversity jurisdiction. Defendants stated in the notice of removal that they did not have adequate proof of the extent of Murph's injuries so as to enable them to evaluate the claim. (Ntc. Rem. ¶ 5). Nonetheless, because Murph had answered the jurisdictional amount interrogatory supra equivocally and had not stipulated that his claims do not exceed $75,000, Defendants removed the case.

Murph now moves to remand the case to state court arguing that Defendants have failed in their burden of establishing that the amount in controversy exceeds $75,000. The Court agrees.

**II. DISCUSSION**

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden

2

unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. Id. Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Id. (citing De Aquilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case there is no disputing that the amount in controversy is not facially apparent from Murph's petition. Inflammatory adjectives like "severe" are often used loosely in

3

pleading cases so they are not particularly probative of federal jurisdiction. The petition offers no specifics whatsoever that would allow the Court to remotely estimate a quantum for Murph's slip and fall claim. For instance, it is not clear from the petition if Plaintiff sought immediate, emergency medical treatment or even obtained any medical treatment at all for his injuries. The only references are to the neck and back but again nothing specific is alleged--was Plaintiff sore for a few days or did he break his neck? If unsupported references to permanent injury and disability supported removal to federal court then every personal injury claim would be rendered removable.

Further, the notice of removal does not set forth any <u>facts</u> to support a finding that the jurisdictional amount is satisfied. Defendants cannot escape <u>their</u> burden to establish the amount in controversy by complaining that Plaintiff has not cooperated in discovery or that his answer to the admission leaves open the possibility that at some point the amount in controversy might exceed $75,000. Subject matter jurisdiction cannot be created by default based on a plaintiff's refusal to cooperate in a defendant's efforts to remove the case. The rules pertaining to removal expressly protect defendants who learn during the course of litigation that a claim exceeds $75,000.[1]  <u>See</u> 28 U.S.C. §

---

[1] If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty

1446(b). But what the law does not allow is for defendants to prematurely and prophylactically remove cases to federal court in the event that their hunch regarding the amount in controversy eventually comes to fruition.

Defendants suggest in their opposition that the Court should decline to remand the case because a trial date has already been set and remanding the case would result in severe delays. This contention is without merit because federal courts cannot entertain cases unless authorized by the Constitution and legislation. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Subject matter jurisdiction cannot be created by consent, waiver, or concerns of delay. See id.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 13)** filed by plaintiff Brian Murph is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. §

---

> days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, ***or other paper from which it may first be ascertained that the case is one which is or has become removable,*** except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b)(West 2006) (emphasis added). Murph filed his petition on March 2, 2010. Therefore, when Defendants removed the case on April 14, 2010, they were not in danger of losing the one year removal window for diversity cases provided in § 1446(b).

1447(c) for lack of subject matter jurisdiction.

December 10, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE